IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. ERMERT, Attorney at Law.

Supreme Court

*No. 93–2766–D. Filed April 8, 1994.*

(Also reported in 513 N.W.2d 608.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney James J. Ermert to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of

failing to file an action for which he had been retained to do and misrepresenting to that client that the action had been filed and that hearing dates had been obtained. We determine that the seriousness of the misconduct, in light of discipline imposed on Attorney Ermert on three prior occasions, warrants the discipline recommended. By that misconduct, Attorney Ermert has again demonstrated his propensity to avoid his professional responsibilities to clients who retain him to pursue their legal interests.

Attorney Ermert was admitted to practice law in Wisconsin in 1962 and practices in Racine. In 1987 the Board of Attorneys Professional Responsibility (Board) privately reprimanded him for having failed to file a bankruptcy petition on behalf of a client for more than two years despite repeated representations to the client that it would be filed. In 1989, the Board publicly reprimanded him for having failed to act on behalf of a criminal client whom he was appointed by the State Public Defender (SPD) to represent in postconviction matters, despite requests from the SPD to act in the matter. In that matter, Attorney Ermert did not return numerous telephone calls from his client seeking to learn the status of his postconviction motions. Two years after his appointment, Attorney Ermert was replaced by other counsel. In 1990, the Board privately reprimanded Attorney Ermert for having failed to file findings, conclusions and the judgment in a divorce action as he was required to do by statute, with the result that the opposing party's counsel had to prepare and file those documents, for which the other party bore the cost.

In this proceeding, the referee, Attorney Charles J. Herro, made findings of fact based on the allegations of the Board's complaint, to which Attorney Ermert

pleaded no contest. Attorney Ermert was retained in August, 1992 to commence a divorce action, for which the client paid him a $400 retainer. At the time he was retained, the client's husband's out-of-state address was unknown and Attorney Ermert and the client discussed obtaining service by publication. The following November, the client's husband telephoned her, giving her his address and threatening to take her son and prevent her from appearing in court after the divorce papers were filed. When the client met with Attorney Ermert and gave him her husband's address and told him of the threat, Attorney Ermert told her that he would have service effected by the end of the week.

When the client had not heard from him during the next two weeks, she telephoned Attorney Ermert several times before being able to speak with him. Attorney Ermert then told her that he had not heard from her husband and that he would get back to her about the hearing date on the divorce petition. The client did not hear from him, however, for the next two months, despite numerous telephone calls to his office. Attorney Ermert eventually told her of a date for hearing and the client arranged to take time off from work on that day. On the morning of the purported court date, Attorney Ermert telephoned his client that the date had been canceled because his trial that morning had taken longer than expected and the court had to reschedule the afternoon cases.

The client again waited for further information from Attorney Ermert concerning a court date and he eventually gave her a new date for the hearing. When the client ascertained that the date he had given her was a Saturday, she telephoned Attorney Ermert but did not obtain a response. The client then called the court and discovered that no divorce action had ever

been filed. The client discharged Attorney Ermert as her attorney and obtained her file and a refund of the retainer she had paid.

The referee concluded that Attorney Ermert failed to act with reasonable diligence and promptness in representing this client by failing to file the requested divorce action over a period of six months, in violation of SCR 20:1.3,[1] and engaged in conduct involving misrepresentations, in violation of SCR 20:8.4(c),[2] by telling his client that the action had been filed and court dates had been obtained. We adopt the referee's conclusions of law, as well as the facts on which they are based.

IT IS ORDERED that the license of James J. Ermert to practice law in Wisconsin is suspended for a period of 60 days, commencing May 2, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order James J. Ermert pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James J. Ermert to practice law in Wisconsin shall remain suspended until further order of the court.

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

IT IS FURTHER ORDERED that James J. Ermert comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.