IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. ERMERT, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

James J. ERMERT,
Respondent.

Supreme Court

*No. 2006AP278–D. Decided January 23, 2007.*

2007 WI 10

(Also reported in 726 N.W.2d 250.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that the license of Attorney James J. Ermert to practice law in Wisconsin be suspended for 60 days for professional misconduct in his handling of two client matters. In addition to the license suspension, the referee recommended that Attorney Ermert pay the costs of this proceeding, which are $2635.38 as of October 13, 2006.

¶ 2.   We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We further agree that the seriousness of Attorney Ermert's professional misconduct warrants a 60–day suspension of his license to practice law in Wisconsin.

¶ 3.   Attorney Ermert was admitted to practice law in Wisconsin in 1962 and is a sole practitioner in Racine. He has been disciplined on five prior occasions. In 1987 he was privately reprimanded for failing to file a bankruptcy petition on behalf of a client for more

than two years despite repeated representations to the client that the petition would be filed. In 1989 he was publicly reprimanded for failing to act on behalf of a criminal client whom he was appointed to represent by the state public defender. In 1990 he was privately reprimanded for failing to file findings of fact, conclusions of law and the judgment in a divorce case, with the result being that opposing counsel had to prepare and file the documents, for which the other party bore the cost.

¶ 4. In 1994 this court suspended Attorney Ermert's license for 60 days for failing to file an action for which he had been retained and for misrepresenting to his client that the action had been filed and that hearing dates had been obtained. *In re Disciplinary Proceedings Against Ermert,* 182 Wis. 2d 516, 513 N.W.2d 608 (1994). In 2003 Attorney Ermert received a consensual public reprimand for failing to close the probate of an estate for over 30 months in one matter and for failing to timely file a brief and failing to keep his client reasonably informed about the status of her case in a second matter.

¶ 5. On February 3, 2006, the Office of Lawyer Regulation (OLR) filed a complaint alleging that Attorney Ermert had engaged in misconduct in his handling of two client matters. The first matter involved his representation of T.B. in a divorce action. T.B. hired Attorney Ermert to represent her in August 2004 and paid him a $750 retainer. On September 10, 2004, Attorney Ermert filed T.B.'s divorce in Racine County Circuit Court. That action was dismissed on November 23, 2004. Attorney Ermert re-filed the divorce action on June 8, 2005. No action was taken in that matter other than the scheduling of a first hearing. The second action was dismissed on August 23, 2005.

¶ 6. On seven separate occasions between September 2004 and July 2005 Attorney Ermert told T.B. that a specific date and time had been set for a hearing in her divorce. In each instance Attorney Ermert called T.B. one or two hours before the purported hearing times and told her the hearings had been cancelled. As of July 2005 the circuit court had never scheduled any hearing dates in the matter.

¶ 7. During the course of the representation, T.B. called Attorney Ermert many times in an attempt to terminate his representation and obtain a refund of the $750 retainer she had paid him. Attorney Ermert failed to return her calls. On July 28, 2005, T.B. sent a grievance to the OLR complaining about Attorney Ermert's conduct. T.B. received a full refund of her retainer the next day. By letter dated September 30, 2005, Attorney Ermert advised the OLR staff that he was not opposing T.B.'s allegation that he had misled her and failed to complete her case properly.

¶ 8. The OLR's complaint alleged that Attorney Ermert failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3;[1] failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a);[2] and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[3]

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) states "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 9. The second client matter detailed in the OLR's complaint involved Attorney Ermert's representation of C.P., who retained Attorney Ermert in August 2002 to represent her in a divorce proceeding. C.P. initially paid Attorney Ermert a flat fee of $750. She later paid an additional $250 for the preparation of real estate documents relating to the property division.

¶ 10. The divorce action was filed in Racine County Circuit Court on April 4, 2003. The original divorce judgment was filed on December 3, 2003, and amended findings were filed on June 1, 2004.

¶ 11. Following C.P.'s divorce, Attorney Ermert was to draft and file two quit claim deeds to address two pieces of real estate owned by C.P. and her former husband. At least one of the deeds was drafted and signed by the former husband at the time of the final divorce hearing, but Attorney Ermert put the deed in his file and neglected to file it. It is unclear whether the second deed was ever drafted, but if it was Attorney Ermert did not file it. C.P. discovered that the deeds had not been filed some months after the divorce had been granted, at which time she contacted Attorney Ermert. Attorney Ermert acknowledged that he never filed the deeds. The deeds were eventually drafted by a mortgage or title company and Attorney Ermert refunded the $250 C.P. had paid him to prepare and file the deeds. The OLR's complaint alleged that by failing to file the quit claim deeds in a timely fashion, Attorney Ermert failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

¶ 12. Richard Ninneman was appointed referee. A hearing was held on September 7, 2006. The referee issued his report and recommendation on September 26, 2006. The referee found that the OLR had proven by clear and convincing evidence all of the counts of

misconduct set forth in the OLR's complaint. The referee noted that the OLR requested that Attorney Ermert's license to practice law be suspended for 60 days. Attorney Ermert argued this proposed discipline was excessive, and he asked for another public reprimand, coupled with a requirement that he be required to have more continuing legal education (CLE) hours in the area of ethics.

¶ 13. The referee rejected Attorney Ermert's request for a public reprimand, noting that Attorney Ermert had been the subject of five previous disciplinary proceedings. The referee said:

> It is clear that [Attorney] Ermert needs to be impressed concerning the seriousness of his misconduct and the need to ensure that similar misconduct does not occur in the future. [Attorney] Ermert's suggestion that a public reprimand, coupled with some additional CLE requirements, would not have that effect in light of his pattern of misconduct in the past.

¶ 14. The referee also recommended that Attorney Ermert pay the costs of the proceeding. Attorney Ermert has not appealed from the referee's report and recommendation.

¶ 15. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 16.  We adopt the referee's findings of fact and conclusions of law and determine that a 60–day suspension is the appropriate discipline for Attorney Ermert's professional misconduct. Attorney Ermert's neglect of the two client matters at issue in this case are serious failings, and his current misconduct, coupled with his rather extensive prior disciplinary history, warrants a 60–day suspension. We further agree with the referee that Attorney Ermert should pay the full costs of the proceeding.

¶ 17.  IT IS ORDERED that the license of James J. Ermert to practice law in Wisconsin is suspended for a period of 60 days, effective March 2, 2007.

¶ 18.  IT IS FURTHER ORDERED that James J. Ermert comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 19.  IT IS FURTHER ORDERED that within 60 days of the date of this order James J. Ermert pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of James J. Ermert to practice law in Wisconsin shall remain suspended until further order of the court.