# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2318-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John R. Dade, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　　v.<br>John R. Dade,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DADE

| | |
|---|---|
| OPINION FILED: | February 21, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | Abrahamson, C.J., Bradley, J., dissent. (Opinion filed.) |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

No.   2012AP2318-D

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John R. Dade, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**John R. Dade,**

        **Respondent.**

**FILED**

**FEB 21, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.  We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney John R. Dade pursuant to SCR 22.12[1] regarding Attorney Dade's professional

---

[1] SCR 22.12 provides:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The

misconduct in the handling of one client matter. The OLR and Attorney Dade stipulate that Attorney Dade committed professional misconduct and that the appropriate sanction for the misconduct is a suspension of his license to practice law in Wisconsin for a period of 60 days. The OLR is not seeking costs. Upon careful consideration, we adopt the stipulated facts and agree that a 60-day suspension is an appropriate sanction.

¶2 Attorney Dade was admitted to practice law in Wisconsin in 1983 and practices in Whitewater. He has been subject to professional discipline on four prior occasions. In 1991, he was privately reprimanded for lack of diligence, failure to communicate, and failure to cooperate in the investigation into his misconduct. Private Reprimand, No. 1991-24. In 2007, he was publicly reprimanded for failing to provide competent representation, failure to communicate, and lack of diligence. Public Reprimand of John R. Dade, No. 2007-7. In

supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

2007 his license was suspended for 60 days for failure to cooperate in an OLR investigation, lack of diligence, and failure to hold in trust the property of others in his client trust account.  In re Disciplinary Proceedings Against Dade, 2007 WI 66, 301 Wis. 2d 67, 732 N.W.2d 433.  In 2012 he was publicly reprimanded for lack of diligence, failure to communicate, and failure to return a client's documents.  Public Reprimand of John R. Dade, No. 2012-1.

¶3  In July 2009 N.B. filed a pro se divorce petition in Rock County circuit court.  On November 16, 2009, N.B. hired Attorney Dade to represent her in her divorce and to obtain a domestic abuse injunction.

¶4  On March 1, 2010, a pretrial conference was held with Attorney Dade appearing on behalf of N.B. and N.B.'s husband appearing pro se.  The March 1, 2010 pretrial order required the parties to file a final financial disclosure statement with the court and with the opposing party or counsel no later than March 31, 2010.  The pretrial order also required the final financial disclosure statement to be updated no later than April 14, 2010.  Attorney Dade failed to timely file the final financial disclosure statement.

¶5  The March 1, 2010 pretrial order also provided that both parties were to file with the clerk of court, the court's judicial assistant, and each other, a trial brief no later than April 29, 2010.  Attorney Dade failed to timely file the trial brief.

¶6   The pretrial order scheduled the trial for May 5, 2010.  The pretrial order stated that failure to comply with the terms of the order shall be considered cause for imposing sanctions which may include dismissal of the action.

¶7   On March 30, 2010, N.B. told Attorney Dade's office manager that she would be out of town on May 5, 2010, and she requested a change of the trial date.  Attorney Dade failed to respond.  N.B. left a message at Attorney Dade's office on April 17, 2010, asking about changing the trial date and requesting that Attorney Dade call her back.  Attorney Dade failed to respond.

¶8   On April 26, 2010, N.B. informed Attorney Dade's office manager that she wanted to change the May 5, 2010 court date, that she had already left two messages, that she had not received a call back from Attorney Dade, that she declined to schedule a telephone appointment, and that she wanted Attorney Dade to call her back.  N.B. also sent an e-mail correspondence to Attorney Dade in regard to adjourning the trial.

¶9   On May 5, 2010, Attorney Dade appeared at the trial. N.B. did not appear, nor did her husband, who was pro se, appear.  On the May 5, 2010 trial date, Attorney Dade offered the final financial disclosure statement and trial brief to the court.  The court dismissed N.B.'s divorce case, saying the matter had not been diligently prosecuted.

¶10 Attorney Dade called N.B.'s cell phone and informed her that the court had dismissed her case for lack of attendance and for failure to file the financial disclosure statement.

4

Attorney Dade informed N.B. she would have to file a new divorce action.

¶11 In a meeting with N.B. in May 2010, Attorney Dade agreed to complete the divorce action for free due to Attorney Dade's errors that resulted in the dismissal of her case by the court. Attorney Dade filed a new divorce petition for N.B. on May 14, 2010.

¶12 On July 21, 2010, this court temporarily suspended Attorney Dade's license to practice law based on his failure to cooperate in an OLR investigation unrelated to the N.B. matter. In a July 2010 letter to N.B., Attorney Dade stated his law license was suspended and that N.B. would have to find new representation for her newly filed divorce case.

¶13 N.B. obtained successor counsel to represent her in the new divorce case. A stipulation and order for substitution of attorney was filed in August 2010. N.B. was granted a default judgment of divorce on March 1, 2011.

¶14 On October 24, 2012, the OLR filed a complaint alleging that Attorney Dade engaged in three counts of misconduct with respect to his handling of N.B.'s case:

> [Count One:] By failing to file a final financial disclosure statement and trial brief by the court-ordered deadline set forth in the pretrial order, and otherwise failing to diligently prosecute this case, resulting in dismissal of [N.B.'s] divorce case on May 5, 2010, [Attorney] Dade violated SCR 20:1.3.[2]

---

[2] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[Count Two:] By failing to file a final financial disclosure statement and trial brief by the court-ordered deadline set forth in the pretrial order, [Attorney] Dade also violated SCR 20:3.4(c).[3]

[Count Three:] By failing to respond to [N.B.'s] telephone calls with regard to adjourning the trial date, [Attorney] Dade violated SCR 20:1.4(a)(4).[4]

¶15 On October 31, 2012, the OLR and Attorney Dade filed a stipulation whereby Attorney Dade stipulated to the allegations contained in the OLR's complaint. The stipulation states that Attorney Dade fully understands the misconduct allegations and the ramifications should the court impose the stipulated level of discipline. The stipulation also provides that Attorney Dade understands his right to contest the matter and understands his right to consult with counsel, and that his entry into the stipulation was made knowingly and voluntarily and without the benefit of any negotiations for a reduction in either charges or sanction.

¶16 The OLR filed a memorandum in support of the stipulation which states that in formulating the recommendation for a 60-day suspension, the OLR director considered a number of similar cases, including In re Disciplinary Proceedings Against Ermert, 2007 WI 10, 298 Wis. 2d 622, 726 N.W.2d 250, and In re

---

[3] SCR 20:3.4(c) says a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[4] SCR 20:1.4(a)(4) says a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

_Disciplinary Proceedings Against Anderson_, 2010 WI 39, 324 Wis. 2d 627, 782 N.W.2d 100.

¶17 After careful review of the matter, we adopt the stipulated facts and find it appropriate to impose a 60-day suspension of Attorney Dade's license to practice law. Because Attorney Dade entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we accede to the OLR's request that no costs be imposed in this matter.

¶18 IT IS ORDERED that the license of John R. Dade to practice law in Wisconsin is suspended for 60 days, effective March 21, 2013.

¶19 IT IS FURTHER ORDERED that John R. Dade shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶20 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. _See_ SCR 22.28(2).

¶21 SHIRLEY S. ABRAHAMSON, C.J. *(dissenting).* I would not accept the parties' stipulation of a 60-day suspension. The attorney has been disciplined four times previously for similar offenses, including a 60-day suspension in 2007.

¶22 This stipulation is not in keeping with the concepts of progressive discipline or with assisting Attorney Dade in changing his behavior to protect the public.

¶23 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.