# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1733-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John R. Dade, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | John R. Dade, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DADE

| | |
|---|---|
| OPINION FILED: | August 21, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP1733-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against John R. Dade, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

John R. Dade,

      Respondent.

**FILED**

**AUG 21, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the recommendation of referee Hannah C. Dugan that the license of Attorney John R. Dade to practice law in Wisconsin be suspended for a period of 90 days and that he be required, as a condition of the reinstatement of his license, to complete six continuing legal education (CLE) credits in law office management, to be approved in advance by the Office of Lawyer Regulation (OLR). The referee also

recommends that the full costs of the proceeding, which are $5,420.73 as of May 7, 2014, be assessed against Attorney Dade.

¶2 Based upon our independent review of the matter, we adopt the referee's findings of fact and conclusions of law. We also agree with the referee's recommendation for a 90-day suspension of Attorney Dade's license to practice law in Wisconsin. We further agree with the referee's recommendations regarding CLE credits and assessment of costs.

¶3 Attorney Dade was admitted to practice law in Wisconsin in 1983 and practices in Whitewater. In 1991 he received a private reprimand for failing to communicate, failing to act with reasonable diligence, and failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility, the predecessor to the OLR.

¶4 In 2007 Attorney Dade received a public reprimand for failure to provide competent representation, lack of diligence, and failure to communicate. In 2007 Attorney Dade's license to practice law was suspended for 60 days for lack of diligence, failure to hold in trust the property of others in his client trust account, and failure to cooperate in an OLR investigation. In re Disciplinary Proceedings Against Dade, 2007 WI 66, 301 Wis. 2d 67, 732 N.W.2d 433.

¶5 In 2012 Attorney Dade was publicly reprimanded for lack of diligence, failure to communicate, failure to cooperate in the OLR's investigation, and failure to return a client's documents. In 2013 Attorney Dade's license to practice law in Wisconsin was suspended for 60 days for lack of diligence, lack

2

of communication, and failure to obey a court order. In re Disciplinary Proceedings Against Dade, 2013 WI 21, 345 Wis. 2d 646, 827 N.W.2d 86.

¶6 On August 6, 2013, the OLR filed a complaint alleging two counts of misconduct with respect to Attorney Dade's representation of R.K., a defendant in a real estate dispute. A trial in said dispute was held in Walworth County circuit court in late September 2006. Attorney Dade failed to file a brief by November 28, 2006, as required by the court's post-trial briefing schedule. In a December 11, 2006 order, the circuit court informed the parties that the court would make its decision based on the evidence at trial and the plaintiffs' brief.

¶7 In a decision issued on January 29, 2007, the circuit court found that the plaintiffs had met their burden of proof and were entitled to ownership by adverse possession of the piece of land at issue. Attorney Dade filed a notice of appeal on behalf of R.K. In a May 31, 2007 order, the court of appeals found that Attorney Dade had not filed a docketing statement and informed him that unless it was filed within five days, the appeal would be subject to dismissal or other sanctions. Attorney Dade did not promptly file a docketing statement.

¶8 In a June 27, 2007 order, the court of appeals noted the docketing statement had still not been filed and indicated that if the original and one copy of the statement was not filed on or before July 9, 2007, a penalty of $25 per day would be imposed on Attorney Dade as counsel for the appellant until such

3

time as the docketing statement was filed. Attorney Dade failed to file the docketing statement by July 9, 2007.

¶9 On July 11, 2007, Attorney Dade filed a stipulation signed by R.K. substituting Attorney C. Bennett Penwell as attorney of record for R.K. Attorney Penwell was in the same law firm as Attorney Dade.

¶10 This court suspended Attorney Dade's law license for 60 days, effective July 13, 2007.

¶11 In an August 7, 2007 order, the court of appeals again noted the history of Attorney Dade's failure to file a docketing statement. The penalty that had accrued at that point was more than $700. The court of appeals again extended the time for filing a docketing statement to August 17, 2007, conditioned upon the simultaneous payment by Attorney Dade of a $50 penalty. The court of appeals informed Attorney Dade that if the original and one copy of the docketing statement were not filed by August 17, 2007, Attorney Dade would be required to personally pay the $700 penalty, and a penalty of $25 per day would begin running as to Attorney Penwell personally as well. Attorney Penwell filed the docketing statement on August 16, 2007. On July 30, 2008, the court of appeals affirmed the circuit court's judgment.

¶12 R.K. filed a grievance against Attorney Dade with the OLR on February 1, 2012. Despite being provided with written notice of the investigation and being personally served with letters from the OLR reminding him of his duty to cooperate and informing him that he was required to file a written response to

the grievance, Attorney Dade failed to respond until late August 2012.

¶13   The OLR's complaint alleged the following counts of misconduct with respect to Attorney Dade's handling of R.K.'s case:

> [Count One]   By failing to file a docketing statement in [R.K.'s] appeal, even after receiving orders from the Wisconsin Court of Appeals dated May 31, 2007, and June 27, 2007, ordering him to do so, Dade violated SCR 20:1.3[1] and 20:3.4(c).[2]

> [Count Two]   By failing to provide a written response to the grievance, which was due by June 25, 2012, until providing OLR with [R.K.'s] case file on August 8, 2012 and a written response on August 31, 2012, and only after receiving a letter by ordinary mail, a letter by certified and ordinary mail, and being personally served, Dade violated SCR 22.03(2) and (6)[3] as enforced via 20:8.4(h).[4]

---

[1] Supreme Court Rule (SCR) 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[3] SCR 22.03(2) and (6) provide:

> (2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise.  The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the

(continued)

5

¶14 Attorney Dade did not file a timely answer to the complaint. The OLR filed a notice of motion and motion for default judgment. The referee scheduled the initial teleconference between the parties to be a hearing on the OLR's default judgment motion. The telephonic hearing was scheduled for October 17, 2013. Attorney Dade filed an answer on October 17, 2013, admitting the allegations in the complaint with the exception of the claimed violation of SCR 20:3.4(c). The parties appeared via telephone for the hearing on the motion for default judgment. The parties agreed to proceed to a hearing on the sole issue of the appropriate disciplinary sanction. The sanctions hearing was held on December 5, 2013. At the close of the hearing, the parties requested the opportunity to file written briefs regarding the appropriate sanction. The OLR filed its brief. Attorney Dade did not file

respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[4] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

a response brief. The referee issued her report and recommendation on March 27, 2014.

¶15 The referee concluded that the OLR failed to meet its burden of proof establishing that Attorney Dade violated SCR 20:3.4(c). The referee noted that the court of appeals' orders mentioned in the complaint were not made part of the record. As a result, the referee said it was difficult to determine whether Attorney Dade's failure to timely submit the docketing statement was a violation of the successive communications from the court of appeals that rises to the level of a SCR 20:3.4(c) violation. The referee said that a review of prior case law involving SCR 20:3.4(c) violations reveals cases involving clear court orders and deliberate, egregious, and sometimes even arrogant, violations of SCR 20:3.4(c). The referee concluded that, although failing to file the docketing statement was not acceptable practice, and while Attorney Dade acknowledged that his failure to file the docketing statement was a violation of the lack of diligence rule, the OLR failed to carry its burden of proof that Attorney Dade knowingly disobeyed an obligation under the rules of a tribunal.

¶16 The referee concluded that the OLR did meet its burden of proof with respect to the other allegations in the OLR's complaint.

¶17 With respect to the appropriate sanction, the referee noted that the OLR sought a five-month suspension of Attorney Dade's license to practice law in Wisconsin. The referee concluded that a 90-day suspension was appropriate. The referee

agreed with the OLR that Attorney Dade's disciplinary history demonstrates a troubling pattern of lack of diligence, failure to obey court orders, and failure to cooperate in OLR investigations.  On the other hand, the referee pointed to Attorney Dade's willingness to acknowledge the wrongful nature of his conduct.  The referee also noted that the underlying facts in this case occurred in 2007 and the grievance was not filed until five years later.  The referee pointed out that in the ensuing five years, this court disciplined Attorney Dade with two public reprimands and two 60-day license suspensions. The referee said this unusual disciplinary pattern complicated the recommendation with respect to this court's standard of progressive discipline.

¶18 The referee also said that the OLR did not establish that Attorney Dade's violations of supreme court rules "harmed" his client in a specific, tangible way.  The referee said that Attorney Dade's conduct requires a sanction that clearly signals to Attorney Dade and to the practicing bar that repeated failures to respond to the OLR are unacceptable breaches of professional ethics.  On balance, the referee concluded that a 90-day suspension was an appropriate sanction.  The referee also recommends, as a requirement of the reinstatement of his license, that Attorney Dade be required to complete six CLE credits in law office management, to be approved by the OLR, and that he be assessed the full costs of this proceeding.

¶19 A referee's findings of fact are affirmed unless clearly erroneous.  Conclusions of law are reviewed de novo.

8

See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶20 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Dade violated the supreme court rules set forth above.

¶21 Given the referee's factual findings, we further agree with the referee that Attorney Dade's professional misconduct requires that his license to practice law in Wisconsin be suspended for a period of 90 days. Attorney Dade has not objected to the statement of costs filed by the OLR, and we conclude that he should be required to pay the full amount of costs in this disciplinary proceeding. Finally, we agree with the referee's recommendation that, as a condition of the reinstatement of his license to practice law, Attorney Dade be required to complete six CLE credits in law office management, to be approved by the OLR.

¶22 IT IS ORDERED that the license of Attorney John R. Dade to practice law in Wisconsin is suspended for a period of 90 days, effective September 25, 2014.

¶23 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, John R. Dade shall be required to complete six continuing legal education credits

in law office management, to be approved by the Office of Lawyer Regulation.

¶24   IT IS FURTHER ORDERED that within 60 days of the date of this order, John R. Dade shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶25   IT IS FURTHER ORDERED that John R. Dade shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶26 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  See SCR 22.28(2).