# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1966-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James G. Moldenhauer, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | James G. Moldenhauer, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MOLDENHAUER

| | |
|---|---|
| OPINION FILED: | May 24, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| |
|---|
| SOURCE OF APPEAL: |
|   COURT: |
|   COUNTY: |
|   JUDGE: |

| |
|---|
| JUSTICES: |
|   CONCURRED: |
|   DISSENTED: |
|   NOT PARTICIPATING: |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2015AP1966-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings**
**Against James G. Moldenhauer, Attorney at Law:**


**Office of Lawyer Regulation,**                              **FILED**

              **Complainant,**

                                                              **MAY 24, 2016**
       **v.**

**James G. Moldenhauer,**                          Diane M. Fremgen
                                                Clerk of Supreme Court
              **Respondent.**


ATTORNEY disciplinary proceeding.        *Attorney's license suspended.*


¶1   PER CURIAM.  We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney James G. Moldenhauer.  In the stipulation, Attorney Moldenhauer agrees that he engaged in two counts of misconduct involving his clients, G.C. (now deceased), and G.C.'s wife, L.C. (collectively, the C.s.).  Attorney Moldenhauer also agrees that a 60-day suspension of his license

to practice law in Wisconsin is an appropriate sanction for his misconduct. The OLR does not request restitution, and it also does not seek the imposition of costs against Attorney Moldenhauer.

¶2  After careful review of the matter, we approve the stipulation and agree that a 60-day suspension of Attorney Moldenhauer's license to practice law is an appropriate sanction. Because this matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Moldenhauer.  No restitution was sought and none is ordered.

¶3  Attorney Moldenhauer was admitted to practice law in Wisconsin in 1982.  The most recent address furnished by Attorney Moldenhauer to the State Bar of Wisconsin is in Eau Claire, Wisconsin.

¶4  Attorney Moldenhauer has a disciplinary history.  In 1996, Attorney Moldenhauer consented to a private reprimand for misconduct consisting of failing to act with reasonable diligence, failing to communicate properly with a client, and failing to render a full accounting of estate funds in respose to a client's request.  Private Reprimand 96-28.  In 2006, Attorney Moldenhauer was publicly reprimanded for misconduct in two matters.  In the first matter, he failed to act with reasonable diligence, failed to return a client's file, and failed to cooperate with the OLR's investigation.  In the second matter, he failed to provide his client with an itemized billing statement, failed to refund the unearned portion of his advanced fee, and failed to cooperate in the OLR's investigation. Public

Reprimand of James G. Moldenhauer, 2006-11. In 2008, Attorney Moldenhauer was publicly reprimanded for misconduct consisting of failing to communicate properly with a client, failing to act with reasonable diligence, and failing to obey a court order. Public Reprimand of James G. Moldenhauer, 2008-01. In 2012, Attorney Moldenhauer was publicly reprimanded for misconduct consisting of failing to communicate properly with a client and failing to act with reasonable diligence. Public Reprimand of James G. Moldenhauer, 2012-13.

¶5 In September 2015, the OLR filed a complaint alleging that Attorney Moldenhauer engaged in two counts of misconduct involving his clients, the C.s. In March 2016, the OLR and Attorney Moldenhauer filed a stipulation pursuant to SCR 22.12. We take the following facts from the parties' stipulation.

¶6 In 2009, the C.s. hired Attorney Moldenhauer to represent them in a Wisconsin Department of Revenue (DOR) tax matter concerning the 2004 through 2007 tax years. In July 2011, Attorney Moldenhauer filed a petition with the Wisconsin Tax Appeals Commission (Commission) appealing a DOR decision that disposed of two cases involving the C.s.

¶7 On October 12, 2011, the Commission sent a Notice of Telephone Status Conference to Attorney Moldenhauer informing him that a telephone status conference would be held before a Commissioner on December 13, 2011 at 10:30 a.m. The notice stated: "If the Commission is unable to reach you or your representative by telephone, the conference will proceed, and the petitions for review will be subject to dismissal, pursuant

3

to Wis. Stat. §§ 802.10(7) and 805.03." In a subsequent letter to the C.s., Attorney Moldenhauer stated that he had received the Notice of Telephone Status Conference, and that it was not necessary for them to attend the status conference.

¶8 Attorney Moldenhauer failed to appear for the December 13, 2011 telephone status conference, despite the fact that the Commission called Attorney Moldenhauer's office four times at or about the scheduled conference time.

¶9 On December 14, 2011, the Commission sent a Status Conference Memorandum and Order to Attorney Moldenhauer. This document confirmed that Attorney Moldenhauer did not appear at the December 13, 2011 telephone status conference; scheduled a telephone status conference for December 21, 2011 at 2:30 p.m.; and warned: "The cases will be dismissed if Petitioners' attorney is not present for the status conference."

¶10 Attorney Moldenhauer failed to appear for the December 21, 2011 telephone status conference, despite the fact that the Commission called Attorney Moldenhauer's office four times at or about the scheduled conference time.

¶11 During the December 21, 2011 telephone status conference, DOR's attorney appeared and made a motion to dismiss based on Attorney Moldenhauer's failure to appear and failure to prosecute. In a December 22, 2011 Order of Dismissal, the Commission dismissed the petition for review in the cases involving the C.s.

¶12 A Notice of Appeal Information was attached to the December 22, 2011 Order of Dismissal. The Notice of Appeal

4

Information had a notice of rights for rehearing or judicial review, the times allowed for each, and filing instructions for each option.

¶13 Attorney Moldenhauer did not inform the C.s. of the December 22, 2011 Order of Dismissal, nor did he respond to the C.s.' telephone calls requesting information regarding the status of the cases, nor did he file a petition for a rehearing before the Commission or a petition for judicial review.

¶14 In approximately March 2012, the C.s. contacted the Commission to inquire about the status of the cases. Also in approximately March 2012, the C.s. terminated Attorney Moldenhauer's representation.

¶15 On March 27, 2012, the Commission sent the C.s., Attorney Moldenhauer, and DOR's attorney a notice that a telephone status conference would be held on April 5, 2012 at 11:30 a.m. The C.s., Attorney Moldenhauer, and DOR's attorney appeared for this telephone status conference. During this conference, the Commission informed the C.s. that the petition to review their cases was dismissed due to Attorney Moldenhauer's failure to appear at the December 13 and 21, 2011 telephone status conferences and that the period of time in which to file an appeal had expired.

¶16 In August 2012, the C.s. filed a malpractice and breach of contract action against Attorney Moldenhauer for his mishandling of their tax matters. The case eventually settled for $50,000.

5

¶17  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Moldenhauer's representation of the C.s.:

- Count One:  By failing to appear for telephone status conferences on December 13 and 21, 2011, resulting in dismissal of [the C.s.'] cases, and thereafter by failing to file a petition for rehearing or a petition for judicial review, and by otherwise failing to act in furtherance of [the C.s.'] interests, [Attorney] Moldenhauer violated SCR 20:1.3.[1]

- Count Two:  By failing to keep [the C.s.] reasonably informed regarding the status of the cases, and by failing to inform [the C.s.] of the December 22, 2011 Order of Dismissal, and by failing to respond to [the C.s.'] telephone calls requesting information, [Attorney] Moldenhauer violated SCR 20:1.4(a)(3) and (4).[2]

¶18  In the stipulation, Attorney Moldenhauer agrees that the factual allegations in the OLR's complaint are accurate and that he committed the professional misconduct charged in the complaint. The stipulation states that Attorney Moldenhauer fully understands the misconduct allegations against him, his

---

[1] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(3) and (4) provides:  "A lawyer shall: . . . .(3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests by the client for information."

right to contest those allegations, and the ramifications that would follow from this court's imposition of the stipulated level of discipline. The stipulation also indicates that Attorney Moldenhauer understands his right to counsel and is represented by counsel in this matter. Attorney Moldenhauer verifies that he is entering into the stipulation knowingly and voluntarily and that his entry into the stipulation represents his decision not to contest this matter. Attorney Moldenhauer agrees in the stipulation that it would be appropriate for this court to impose a 60-day suspension of his license to practice law in Wisconsin.

¶19 Having considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. From our independent review of the matter, we agree that a 60-day suspension of Attorney Moldenhauer's license to practice law in Wisconsin is an appropriate sanction. We agree with the OLR's observation in its memorandum in support of the stipulation that Attorney Moldenhauer's previous private and public reprimands for similar misconduct have not impressed upon him the importance of his ethical obligations. We also note that in its memorandum, the OLR identifies a number of arguably similar cases in which we imposed a 60-day suspension, as is requested here. See In re Disciplinary Proceedings Against Ermert, 2007 WI 10, 298 Wis. 2d 622, 726 N.W.2d 250 (attorney who had been disciplined on five prior occasions received a 60-day suspension for lack of diligence, failing to keep a client informed, and

misrepresentation);   In   re   Disciplinary   Proceedings   Against Lister, 2010 WI 108, 329 Wis. 2d 289, 787 N.W.2d 820 (attorney who had been disciplined on two prior occasions received a 60-day suspension for lack of diligence, failing to keep a client informed, failing to forward the client's file to successor counsel and refund advanced fee payments, and failing to cooperate with an investigation); In re Disciplinary Proceedings Against Anderson, 2010 WI 39, 324 Wis. 2d 627, 782 N.W.2d 100 (attorney who had been disciplined on three prior occasions received a 60-day suspension for lack of diligence, failing to keep a client informed, and failing to explain matters to a client);   In re Disciplinary Proceedings Against Theobald, 2010 WI 102, 329 Wis. 2d 1, 786 N.W.2d 834 (attorney who had been disciplined on two prior occasions received a 60-day suspension for lack of diligence and failing to keep a client informed). Although no two disciplinary matters are identical, we agree with the OLR's observation that a 60-day suspension of Attorney Moldenhauer's law license is consistent with the sanctions imposed in these arguably similar cases.

¶20 Because Attorney Moldenhauer entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose any costs in this matter.

¶21 Because Attorney Moldenhauer entered into a civil settlement with the C.s. related to his mishandling of their tax matters, we agree with the OLR that no restitution is warranted.

8

¶22   IT IS ORDERED that the license of James G. Moldenhauer to practice law in Wisconsin is suspended for a period of 60 days, effective June 27, 2016.

¶23   IT IS FURTHER ORDERED that James G. Moldenhauer shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶24   IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. See SCR 22.28(2).