# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP2529-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Holly Lynn Fulkerson, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Holly Lynn Fulkerson, f/k/a Holly Lynn Strop,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST FULKERSON

| | |
|---|---|
| OPINION FILED: | April 20, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

No. 2017AP2529-D

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Holly Lynn Fulkerson, Attorney at Law:**

**Office of Lawyer Regulation,**

     **Complainant,**

  **v.**

**Holly Lynn Fulkerson, f/k/a Holly Lynn Strop,**

     **Respondent.**

**FILED**

**APR 20, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer

Regulation (OLR) and Attorney Holly Lynn Fulkerson.[1] The stipulation provides that Attorney Fulkerson committed six counts of professional misconduct arising out of the representation of a single client and jointly requests that the court publicly reprimand Attorney Fulkerson for her professional misconduct.

¶2 After carefully reviewing the matter, we accept the stipulation and impose the requested public reprimand. We do not require Attorney Fulkerson to pay any restitution, as none was requested by the OLR. Although there was a prior submission of a proposed consensual public reprimand to a referee, this disciplinary proceeding has been resolved by a stipulation under SCR 22.12 without the appointment of a referee. Thus, we do not impose any costs on Attorney Fulkerson.

¶3 Attorney Fulkerson was admitted to the practice of law in this state in June 2001. According to the information provided to the State Bar, Attorney Fulkerson has most recently engaged in the private practice of law in Blue Mounds, Wisconsin.

---

[1] This case was originally filed under the caption Office of Lawyer Regulation v. Holly Lynn Strop. We have recently been informed, however, that the Board of Bar Examiners has approved the change of the name under which the respondent may practice law in this state from Holly Lynn Strop to Holly Lynn Fulkerson. See SCRs 10.03(2) and 40.14(3). Consequently, we have changed the caption of this matter to list the respondent's name as Holly Lynn Fulkerson and we refer to the respondent throughout the text of this opinion as Holly Lynn Fulkerson so that this disciplinary opinion corresponds with the name under which the respondent is currently practicing law.

¶4 Attorney Fulkerson has been the subject of professional discipline on one prior occasion.  In 2015 she consented to the imposition of a private reprimand for failing to act with reasonable diligence, failing to protect a client's interests, failing to keep a client reasonably informed, making a frivolous discovery request or failing to make reasonably diligent efforts to comply with a discovery request, and knowingly disobeying an obligation under the rules of a tribunal.  Private Reprimand No. 2015-28 (electronic copy available at https://compendium.wicourts.gov/app/raw/002845.html).

¶5  This matter was initially submitted to a referee as a proposed consensual public reprimand under SCR 22.09.  At that time the OLR was alleging seven counts of professional misconduct, which Attorney Fulkerson conceded.  After reviewing the submission, the referee declined to approve the consensual reprimand.  He pointed to the presence of seven counts of misconduct and the existence of the previous private reprimand. He stated that he was particularly concerned with the fact that Attorney Fulkerson had agreed to represent the clients even though she did not have prior experience handling medical malpractice matters and that she appeared not to have adequately sought guidance from other experienced attorneys or educated herself.

¶6  Following the refusal of the consensual reprimand, Attorney Fulkerson sent a lengthy letter to the OLR providing additional, highly personal mitigating information.  In its

3

memorandum in support of the current SCR 22.12 stipulation, the OLR asserts that Attorney Fulkerson has been "forthright and cooperative" throughout the OLR's investigation and that her letter did not attempt to avoid responsibility for or minimize her conduct. To the contrary, the OLR states that her letter demonstrated that she had understood her misconduct and was making changes in her life that will result in her being a better, more diligent lawyer. The OLR then submitted the matter to the Preliminary Review Committee, which found cause to proceed on six of the seven original counts. The OLR then reconsidered the sanction question, but ultimately determined that, especially in light of the mitigating information provided by Attorney Fulkerson and the totality of the information in the OLR's file, a public reprimand was still the most appropriate level of discipline to seek. The OLR then concluded that rather than submit a second consensual reprimand to a referee under SCR 22.09, it would pursue a SCR 22.12 stipulation with Attorney Fulkerson that would be submitted to this court for a decision.

¶7 In the resulting stipulation, Attorney Fulkerson represents that she understands the misconduct allegations against her and her right to contest them, that she admits them, and that she agrees with the OLR's recommended level of discipline. Attorney Fulkerson further states that she understands her right to consult with another attorney regarding these matters, that she understands the ramifications of the stipulated level of discipline, and that she is entering into

4

the stipulation knowingly and voluntarily. The stipulation also states that it was not the product of plea-bargaining.

¶8 The counts of misconduct to which Attorney Fulkerson is stipulating arise from her representation of La.G. and Li.G. (collectively, "the G.s"). Li.G's illness and subsequent complications had caused her to spend nearly a year in various hospitals and nursing care facilities. The G.s' health insurance carrier had also denied coverage for approximately $27,000 in Li.G.'s medical expenses on the ground that certain services had been medically unnecessary. The G.s retained Attorney Fulkerson to pursue coverage for the unpaid medical expenses and to address a potential malpractice claim against certain health-care providers.

¶9 Attorney Fulkerson initially sent a letter to the health insurance carrier appealing the denial of coverage for the certain medical expenses. The insurer denied the appeal.

¶10 The G.s and Attorney Fulkerson then discussed proceeding with a lawsuit. Attorney Fulkerson agreed to represent the G.s on a contingent fee basis, but she failed to draft a written fee agreement memorializing that fee arrangement.

¶11 In November 2012 the G.s gave a check in the amount of $270 to Attorney Fulkerson to cover the filing fee for the anticipated civil action. Attorney Fulkerson (or someone on her behalf) negotiated that check on December 6, 2012, depositing the funds into Attorney Fulkerson's personal account. Attorney

Fulkerson has acknowledged to the OLR that the funds should have been held in trust.

¶12 At the time she began her representation of the G.s, Attorney Fulkerson had no experience litigating medical malpractice cases. Early in the representation Attorney Fulkerson informed the G.s of her lack of experience in such cases, but told them that she believed that she was familiar with the standards of care required in medical facilities, as she had worked in the health-care field for 15 years. Prior to initiating the civil action, which contained medical malpractice claims, Attorney Fulkerson did not seek guidance concerning the specifics of litigating medical malpractice claims. During the course of the representation, Attorney Fulkerson did consult with several attorneys about general information concerning litigation procedures and tactics.

¶13 Attorney Fulkerson prepared a draft complaint, which she sent to the G.s for their review in October 2013. The G.s reviewed the complaint and returned it to Attorney Fulkerson within a month.

¶14 On June 2, 2014, Attorney Fulkerson filed a civil action in the Dane County circuit court on Li.G.'s behalf against the health insurer and a number of health-care providers. Pursuant to Wis. Stat. § 655.445(1), because the complaint alleged claims for bodily injury resulting from the provision of professional services or the failure to provide professional services by health-care providers, Attorney Fulkerson should have filed a request for mediation with the

6

director of state courts, but she failed to do so. It should also be noted that under Wis. Stat. § 655.445(3), where mediation must be requested, no discovery requests may be propounded and no scheduling or pretrial court conferences may occur until after the mediation period has expired.

¶15 In July 2014 Attorney Fulkerson sent a letter to the circuit court advising that she would be out of town from August 10 to October 1, 2014, and asking the court to hold any conference after that date. Attorney Fulkerson did acknowledge that she could be available by telephone if the court wished to meet with the parties before that time. Attorney Fulkerson did not send a copy of the letter to her clients or otherwise relay this information to them.

¶16 In August 2014 Attorney Fulkerson sustained an injury, making her unable to work full-time until February 2015.

¶17 The circuit court did conduct a scheduling conference on September 24, 2014. Attorney Fulkerson appeared by telephone. During the conference opposing counsel again reminded her of the need to file a request for mediation.

¶18 Attorney Fulkerson ultimately did file the mediation request, and a mediation session was scheduled for February 10, 2015. Attorney Fulkerson, however, was not adequately prepared for the mediation, which prevented the parties and the mediator from having a meaningful exchange and resulted in the mediation being terminated. Consequently, no written report was prepared.

¶19 In mid-February 2015 Attorney Fulkerson accepted employment with a large health insurance company. She began

7

that position during the first week of March 2015. Attorney Fulkerson, however, did not inform the G.s of her new position and her inability to continue to represent them until May 7, 2015, approximately two months later. After having been informed of the situation, the G.s chose to have Attorney Fulkerson seek a dismissal of the pending complaint without prejudice. Attorney Fulkerson filed a motion to withdraw as counsel. During a subsequent telephone scheduling conference, Attorney Fulkerson moved to dismiss the complaint without prejudice, which the circuit court granted.

¶20 Attorney Fulkerson told the G.s that she would provide them with the names of other attorneys they could contact about taking over the representation. Attorney Fulkerson, however, failed to ever provide any such names, despite an email message from the G.s asking for that information.

¶21 The G.s did eventually meet with three other attorneys, but all three declined to accept the representation. One of those attorneys informed the G.s that they had until September 13, 2015, to re-file a complaint before the expiration of the statute of limitations. Attorney Fulkerson had failed to advise the G.s of this deadline. The G.s never re-filed Li.G.'s complaint, and any claims she might have had became time-barred.

¶22 On the basis of these stipulated facts, Attorney Fulkerson has admitted the following six counts of professional misconduct. First, by agreeing to represent the G.s on a contingent fee basis but failing to enter into a written fee agreement signed by the clients, Attorney Fulkerson violated

8

SCR 20:1.5(c).[2]    Second, Attorney Fulkerson violated former SCR 20:1.15(b)(4)[3] when she deposited the $270 check from the G.s into her personal account rather than into a client trust account.    Third, by failing to acquire the legal knowledge

---

[2] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4) provided:

Except as provided in par. (4m) unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g).  Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

9

needed to represent Li.G. in a medical malpractice action, including knowledge regarding the requirement of mediation in medical malpractice cases, Attorney Fulkerson violated SCR 20:1.1.[4] Fourth, Attorney Fulkerson failed to pursue Li.G.'s claims with reasonable diligence, in violation of SCR 20:1.3.[5] Fifth, Attorney Fulkerson's failure to inform the G.s that if the initial lawsuit on Li.G.'s behalf was dismissed without prejudice, they would have until September 13, 2015 to re-file the action constituted a violation of SCR 20:1.4(b).[6] Finally, Attorney Fulkerson violated SCR 20:1.16(d)[7] in multiple ways, including by failing to inform the G.s in a timely manner that she needed to withdraw from representing them due to her new

---

[4] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[5] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[6] SCR 20:1.4(b) provides: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[7] SCR 20:1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

10

employment; by failing to withdraw from the representation until two months after she had begun her new position; by failing to provide the names of possible successor counsel, as she had promised; and by failing to inform the G.'s of the date by which they would need to re-file the lawsuit to avoid the claims becoming time-barred.

¶23 Attorney Fulkerson agrees with the OLR's position that the appropriate level of discipline for the misconduct described above would be a public reprimand. In its memorandum in support of the stipulation, the OLR compares and contrasts a number of disciplinary matters with similar types of misconduct that resulted in public reprimands or 60-day suspensions. Compare Public Reprimand of Colleen J. Locke, No. 2013-3 (electronic copy available at https://compendium.wicourts.gov/app/raw/002551.html), Public Reprimand of Sarah Clemment, No. 2011-6 (electronic copy available at https://compendium.wicourts.gov/app/raw/002365.html), and Public Reprimand of Daniel F. Snyder, No. 2016-5 (electronic copy available at https://compendium.wicourts.gov/app/raw/002864.html) with In re Disciplinary Proceedings Against Moldenhauer, 2016 WI 43, 369 Wis. 2d 1, 879 N.W.2d 605 (imposing 60-day suspension), and In re Disciplinary Proceedings Against Boyle, 2015 WI 110, 365 Wis. 2d 649, 872 N.W.2d 637 (imposing 60-day suspension).

¶24 In the end we agree with the OLR that a public reprimand is the appropriate level of discipline in this case. Attorney Fulkerson has been admitted to the practice of law in this state for approximately 17 years and has previously

11

received only a private reprimand. While her misconduct here was serious, it did not involve intentional misconduct or dishonesty. It was limited to a single client representation, where Attorney Fulkerson unfortunately agreed to handle a matter in an area of the law where she lacked experience and competence. We also note the mitigating factors referenced by the OLR.

¶25 We believe that Attorney Fulkerson's misconduct is similar in nature and severity to the misconduct committed by Attorney Locke. Public Reprimand of Colleen J. Locke, No. 2013-3. Attorney Locke had received one prior public reprimand, while Attorney Fulkerson has a previous private reprimand. Like Attorney Fulkerson, Attorney Locke agreed to represent a client in an area of the law in which she had little experience (a bankruptcy proceeding). She repeatedly failed to file correct forms and schedules in the bankruptcy proceeding, which caused delays, a motion to dismiss from the bankruptcy trustee, and her termination from the representation. Attorney Locke admitted that she had violated SCRs 20:1.1 (lack of competence), 20:1.3 (lack of diligence), and 20:1.5(b) and (c) (failure to enter into written fee agreement and failure to properly explain basis and rate of the fee). In addition, unlike Attorney Fulkerson, in a separate matter Attorney Locke also admitted that she had violated SCR 20:8.4(c) by falsely testifying under oath that she had represented herself in a prior divorce proceeding. While Attorney Fulkerson has admitted to a couple more counts of misconduct than did Attorney Locke, the primary thrust of both

12

matters is that the lawyers demonstrated a lack of competence and a lack of diligence, as well as failed to enter into proper written fee agreements. Given Attorney Locke's additional false testimony under oath, we cannot say that Attorney Fulkerson deserves a more severe level of discipline.

¶26 In its memorandum, the OLR states that it is not seeking restitution. It notes that the only money Attorney Fulkerson received from the G.s was the $270. While Attorney Fulkerson failed to maintain that amount in trust, she did ultimately use it to pay filing fees on behalf of the G.s. Thus, there are no funds belonging to the G.s that Attorney Fulkerson has wrongfully retained.

¶27 After carefully reviewing this matter, we accept the stipulation and impose the requested public reprimand. For the reasons given by the OLR, we do not impose any restitution obligation on Attorney Fulkerson. Finally, although a referee did review and refuse a prior proposed consensual reprimand, this disciplinary proceeding has been resolved at its outset through a stipulation without the need for the appointment of a referee or the incurring of legal fees by the OLR. Accordingly, we do not impose costs on Attorney Fulkerson.

¶28 IT IS ORDERED that Holly Lynn Fulkerson is publicly reprimanded for her professional misconduct.

13