# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP360-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick J. Hudec , Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Patrick J. Hudec,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HUDEC

| | |
|---|---|
| OPINION FILED: | July 1, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, C.J., dissents. (Opinion filed.) |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP360-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Patrick J. Hudec, Attorney at Law:

Office of Lawyer Regulation,

   Complainant,

 v.

Patrick J. Hudec,

   Respondent.

**FILED**

**JUL 1, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report filed by Referee Christine Harris Taylor which adopted a stipulation entered into between the Office of Lawyer Regulation (OLR) and Attorney Patrick J. Hudec. The referee agreed that Attorney Hudec committed four counts of misconduct, as alleged in the OLR's complaint. The referee further agreed with the parties that a public reprimand was an appropriate level of discipline for Attorney Hudec's misconduct. Finally, the referee recommended

that Attorney Hudec should be assessed the full costs of the proceeding, which are $1,625.14 as of January 23, 2014.

¶2 After careful review of the matter, we conclude that the referee's findings of fact are supported by clear, satisfactory, and convincing evidence. We further adopt the referee's conclusions of law. We agree that the appropriate discipline for Attorney Hudec's misconduct is a public reprimand. Finally, we agree that Attorney Hudec should bear the full costs of this proceeding.

¶3 Attorney Hudec was admitted to practice law in Wisconsin in 1979. The most recent address on file for him with the State Bar of Wisconsin is East Troy, Wisconsin.

¶4 In November of 1989, Attorney Hudec consented to a private reprimand for misconduct that included accepting representation that was adverse to a former client and which constituted a conflict of interest. Private Reprimand No. 1989-27.

¶5 In March of 1993, Attorney Hudec consented to a private reprimand for misconduct that included entering into a business transaction that was adverse to the financial interests of a client; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and withholding material evidence in failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility, the predecessor to the OLR. Private Reprimand No. 1993-4.

¶6 In May of 2001, Attorney Hudec consented to a third private reprimand for misconduct that included failing to obtain

2

written consent to a potential conflict of interest in representing two clients and drafting a letter which contained a false statement of fact. Private Reprimand No. 2001-OLR-15.

¶7 In March of 2008, Attorney Hudec consented to a public reprimand for misconduct that included failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter and promptly comply with requests for information, and failing to timely respond to OLR letters and telephone calls and to timely produce information requested by the OLR. Public Reprimand of Patrick J. Hudec, No. 2008-OLR-2.

¶8 On February 13, 2013, the OLR filed a complaint alleging four counts of misconduct which occurred between November 2007 and January 2009. The allegations of misconduct arose out of Attorney Hudec's representation of Roma II – Waterford, LLC, et al. (Roma II), a corporation that owned a restaurant. Roma II was the defendant in a lawsuit filed in Racine County circuit court. Attorney Hudec signed an answer to the plaintiff's complaint and filed it on November 13, 2007. The answer was incomplete and responded to only the first of the four causes of action alleged in the complaint. The paragraphs in the answer were misnumbered and started with paragraphs one through 11, then skipped to paragraphs 23 and 24. There was no claim for relief in the answer.

¶9 On December 17, 2007, the plaintiff in the suit filed a motion for default judgment on the second, third, and fourth causes of action. Two days later Attorney Hudec filed an

3

amended answer and counterclaim. At a hearing on the plaintiff's motion for default judgment, Attorney Hudec told the circuit court that the first answer he had filed had been a draft that was filed by mistake.

¶10 Attorney Hudec further stated to the court that he had filed an affidavit in opposition to the defendant's default judgment motion. Attorney Hudec retracted his representation about filing an affidavit in opposition to the motion when both the plaintiff's counsel and the court remarked they had not received the affidavit. Electronic court records did not show a record of the affidavit referred to by Attorney Hudec.

¶11 The circuit court granted the plaintiff's motion for a default judgment on the second, third, and fourth causes of action and did not discuss Attorney Hudec's amended answer in its decision. Attorney Hudec filed a motion for reconsideration and a motion to vacate the default judgment. Following a hearing, the circuit court signed a document entitled "Final Order" that stated the defendant's motions for reconsideration and to vacate the default judgment were denied and that a proposed order for judgment and judgment filed by the plaintiff was stayed pending appeal. The circuit court's order did not say it was final for purposes of appeal. No judgment was filed or entered.

¶12 On June 5, 2008, Attorney Hudec filed an appeal on behalf of Roma II in the court of appeals. He filed his brief on November 12, 2008. Attorney Hudec alleged on appeal that the default judgment was unfair because the defendant's failure to

4

answer three of the four causes of action was due to a mistake on Attorney Hudec's part. The plaintiff filed his responsive appellate brief on December 1, 2008. Attorney Hudec filed a reply brief on January 30, 2009, but failed to copy the plaintiff's counsel.

¶13 Although the court of appeals ultimately reversed the circuit court since Attorney Hudec timely filed an amended answer that joined issue as to all causes of action, the court of appeals criticized statements made by Attorney Hudec at the motion hearing in circuit court. The court of appeals referred to Attorney Hudec's "lack of attention to detail." The court of appeals also said Attorney Hudec's conduct was "egregious." The court of appeals further found that Attorney Hudec incorrectly stated the standard of review as being de novo, whereas the correct standard of review was whether the lower court's decision was an erroneous exercise of discretion.

¶14 The court of appeals also said Attorney Hudec's "mistake" in signing and filing an incomplete answer appeared "not to be an isolated incident but a pattern of gross and inexcusable inattention to details." The court of appeals sanctioned Attorney Hudec for intentionally including materials not appropriate to the appeal, including an administrative decision which postdated the decision being appealed and for intentionally including materials the court deemed "salacious." The court of appeals imposed a $500 penalty as a sanction.

¶15 The court of appeals also found that Attorney Hudec failed to serve a copy of the reply brief on the respondent as

required by Wis. Stat. § 809.19(8). The court of appeals also chastised Attorney Hudec for failing to proofread his submissions and said, "Frankly, we are at a loss to understand what is clearly Hudec's intentional disregard of the rules and the details, including his failure to proofread."

¶16 The OLR's complaint alleged the following counts of misconduct:

> [COUNT 1] By engaging in what the Court of Appeals later described as "a pattern of gross and inexcusable inattention to details," including the signing and filing of an incomplete answer in the [Racine County circuit court] litigation; incorrectly informing the circuit court that he had filed an affidavit in opposition to the plaintiff's motion for default judgment; and stating a presumption that his "testimony" was under oath, while making an argument to the court (as opposed to testifying as a witness), [Attorney] Hudec violated SCR 20:1.1.[1]

> [COUNT 2] When, as described by the Court of Appeals, [Attorney] Hudec continued at the appellate level to engage in "egregious conduct," including failing to ensure that a proper final order or judgment was in the record when he filed his notice of appeal; misstating the standard of review of a default judgment; filing a principal brief rife with grammatical and spelling errors; including in his principal brief a statement of facts that included facts not germane to the issues on appeal; and filing a reply brief that was struck as untimely and which was not served on opposing counsel, [Attorney] Hudec violated SCR 20:1.1.

> [COUNT 3] By including in his principal appellate brief facts that were described by the Court of

---

[1] SCR 20:1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Appeals as "salacious," not germane to the issues on appeal, and which "could only have been included to prejudice [the plaintiff,"] [Attorney] Hudec violated SCR 20:3.1(a)(3).[2]

[COUNT 4] By failing to serve opposing counsel with a copy of the reply brief that he filed in the Court of Appeals thereby engaging in an ex parte communication with the court, [Attorney] Hudec violated SCR [20:3.5(b)].[3]

¶17 Attorney Hudec filed an answer to the complaint on April 5, 2013. Christine Harris Taylor was appointed as referee on April 15, 2013.

¶18 On October 11, 2013, the parties filed a stipulation whereby Attorney Hudec agreed that each factual allegation in the OLR's complaint was accurate and admitted. He further admitted and stipulated to his commission of each of the four counts of misconduct alleged in the complaint. The parties stipulated an appropriate level of discipline to impose in response to Attorney Hudec's misconduct was a public reprimand.

---

[2] SCR 20:3.1(a)(3) states that in representing a client, a lawyer shall not "file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another."

[3] SCR 20:3.5(b) states a lawyer shall not:

[C]ommunicate ex parte with such a person during the proceeding unless authorized to do so by law or court order or for scheduling purposes if permitted by the court. If communication between a lawyer and judge has occurred in order to schedule the matter, the lawyer involved shall promptly notify the lawyer for the other party or the other party, if unrepresented, of such communication; . . . .

¶19 The referee issued her findings of fact, conclusions of law, and recommendation for discipline on December 4, 2013. The referee adopted the stipulation filed by the parties and found that the OLR had met its burden of proof with respect to the four counts of misconduct alleged in the complaint. The referee also agreed with the parties that a public reprimand was an appropriate sanction. While the referee noted that Attorney Hudec has previously received three private reprimands and one public reprimand, the referee pointed out that the current disciplinary complaint was based upon a referral to the OLR from the court of appeals, District II, and there was no direct reference in the record as to whether Attorney Hudec's conduct or deficiencies harmed his client. The referee also recommended that Attorney Hudec should be assessed the full costs of the proceeding.

¶20 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Hudec violated the supreme court rules set forth above. We further agree with the referee that a public reprimand is an appropriate

sanction for the misconduct at issue here.  Finally, we agree with the referee that Attorney Hudec should be required to pay the full costs of the proceeding, which are $1,625.14.

¶22  IT IS ORDERED that Patrick J. Hudec is publicly reprimanded for professional misconduct.

¶23  IT IS FURTHER ORDERED that within 60 days of the date of this order, Patrick J. Hudec shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶24  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶25 SHIRLEY S. ABRAHAMSON, C.J. *(dissenting).* I would not adopt the stipulation that imposes a public reprimand. The court of appeals characterized Attorney Hudec's conduct as demonstrating "a pattern of gross and inexcusable inattention to details." Attorney Hudec has in the past been the subject of three private reprimands and one public reprimand. A public reprimand in the present case does not comport with the violation of the Code or the concept of progressive discipline.