# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2452-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John R. Dade, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>John R. Dade,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DADE

| | |
|---|---|
| OPINION FILED: | May 23, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2452-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John R. Dade, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant,**

**v.**

**John R. Dade,**

**Respondent.**

**FILED**

**MAY 23, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney John R. Dade have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 jointly recommending that Attorney Dade should be publicly reprimanded for professional

misconduct.[1]  Upon careful review of the matter, we approve the stipulation and publicly reprimand Attorney Dade.  We impose no costs.

¶2  Attorney Dade was admitted to the practice of law in Wisconsin on January 11, 1983.  Attorney Dade's professional discipline history consists of the following:

a. In September of 1991, Attorney Dade received a private reprimand for failing to communicate, failing to act with reasonable diligence, and failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility, the predecessor to the OLR.  Private Reprimand No. 1991-24 (electronic copy available at https://compendium.wicourts.gov/app/raw/000049.html).

b. In April of 2007, Attorney Dade received a public reprimand for failure to provide competent representation, lack of diligence, and failure to communicate.  Public Reprimand of John R. Dade, No. 2007-7 (electronic copy available at https://compendium.wicourts.gov/app/raw/001916.html).

c. In June of 2007, Attorney Dade's license to practice law was suspended for 60 days for lack of diligence, failure to hold in trust the property of others in his client trust account, and failure to

---

[1] The stipulation in this matter was filed with the court on February 14, 2017 and was promptly taken under advisement.  On April 19, 2017, more than two months later, the OLR filed a memorandum in support of the stipulation.  Supreme Court Rule 22.12 does not provide a formal deadline for filing such a memorandum but this belated submission arrived well after the court had deliberated and decided the matter.  Nothing in the memorandum explains the reason for the excessive delay in providing the court with this information.  Timely receipt of the information would have facilitated this court's review but does not affect the court's decision to accept the stipulation.

cooperate in an OLR investigation. In re Disciplinary Proceedings Against Dade, 2007 WI 66, 301 Wis. 2d 67, 732 N.W.2d 433.

d. In January of 2012, Attorney Dade received a public reprimand for lack of diligence, failure to communicate, failure to cooperate with the OLR's investigation, and failure to return a client's documents. Public Reprimand of John R. Dade, No. 2012-1 (electronic copy available at https://compendium.wicourts.gov/app/raw/002427.html).

e. In February of 2013, Attorney Dade's license to practice law was suspended for 60 days for lack of diligence, lack of communication, and failure to obey a court order. In re Disciplinary Proceedings Against Dade, 2013 WI 21, 345 Wis. 2d 646, 827 N.W.2d 86.

f. In August of 2014, Attorney Dade's license to practice law was suspended for 90 days, and he was ordered to complete six CLE credits in law office management as a condition of reinstatement of his license, for lack of diligence and failure to cooperate with the OLR's investigation. In re Disciplinary Proceedings Against Dade, 2014 WI 108, __ Wis. 2d __, 852 N.W.2d 489.

¶3 On December 15, 2016, the OLR filed a complaint against Attorney Dade alleging two counts of professional misconduct based on his representation of J.Q. In November of 2009, J.Q. paid Attorney Dade an advanced fee of $3,000 for "case evaluation/possible representation." In January of 2010, J.Q. formally retained Attorney Dade to represent him on eight felony drug charges in Walworth County and in a pending probation revocation proceeding.

¶4 The complaint alleged and the parties stipulated that Attorney Dade did not communicate to J.Q. in writing the scope of his representation or the basis or rate of his fee or expenses for which J.Q. would be responsible. Attorney Dade did

3

not communicate to J.Q. in writing the purpose and effect of the $3,000 advanced fee that J.Q. paid. During the course of his representation of J.Q., Attorney Dade made several disbursements from his trust account for the purpose of paying attorney fees he billed to J.Q., without first transmitting the requisite notice to J.Q. that he was going to do so.

¶5 The OLR alleged and the parties later stipulated that, by failing to communicate to J.Q. in writing the scope of his representation or the basis or rate of his fee or expenses for which J.Q. would be responsible; and by failing to communicate to J.Q. in writing the purpose and effect of the $3,000 advanced fee that J.Q. paid, Attorney Dade violated SCRs 20:1.5(b)(1) and (2).[2]

---

[2] SCRs 20:1.5(b)(l) and (2) provide:

(1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

¶6   The OLR alleged further and the parties thereafter stipulated that, by making several disbursements from his trust account for the purpose of paying his attorney fees without first transmitting the requisite notice to J.Q., Attorney Dade violated former SCR 20:1.15(g)(1).[3]   In its complaint, the OLR sought a public reprimand and costs.   The OLR did not seek restitution.

¶7   On February 14, 2017, Attorney Dade entered into a stipulation with the OLR in which he agreed that the facts alleged in the OLR's complaint establish the alleged misconduct and support the discipline sought by the OLR, namely a public

---

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule."   See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

  Former SCR 20:1.15(g)(1) provided:   At least 5 business days before the date on which a disbursement is made from a trust account for the purpose of paying fees, with the exception of contingent fees or fees paid pursuant to court order, the lawyer shall transmit to the client in writing all of the following:

  a. an itemized bill or other accounting showing the services rendered;

  b. notice of the amount owed and the anticipated date of the withdrawal; and

  c. a statement of the balance of the client's funds in the lawyer trust account after the withdrawal.

reprimand. The stipulation made no reference to restitution or costs.

¶8 In the stipulation, Attorney Dade states that the stipulation did not result from plea bargaining, that he does not contest the facts and misconduct alleged by the OLR or the discipline sought by the OLR director. Attorney Dade further states that he agrees the facts alleged in the OLR's complaint may form a basis for the discipline requested by the OLR director. He further avers that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest the matter; fully understands his right to consult with counsel and represents that he has in fact consulted with counsel; that his entry into the stipulation is made knowingly and voluntarily; and that he has read the OLR's complaint and the stipulation and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR director.

¶9 This is Attorney Dade's seventh disciplinary proceeding. Given Attorney Dade's lengthy disciplinary history we question whether yet another public reprimand is sufficient discipline for this latest incident of misconduct. Generally, discipline is progressive in nature. See, e.g., In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501. Unfortunately, the parties' stipulation cites no case law in support of a public reprimand

and does not explain why progressive discipline is not warranted here.  Admittedly, there are times when progressive discipline is not appropriate given the nature of the subsequent violation or other extenuating circumstances.  See, e.g., In re Disciplinary Proceedings Against Crandall, 2015 WI 111, 365 Wis. 2d 682, 872 N.W.2d 649 (imposing public reprimand on lawyer with previous public reprimand and three previous disciplinary suspensions).  The stipulation makes no reference to any such extenuating circumstances.  However, at times we have imposed a public reprimand despite prior discipline.  See, e.g., In re Disciplinary Proceedings Against Kremkoski, 2006 WI 59, 291 Wis. 2d 1, 715 N.W.2d 594 (imposing public reprimand despite prior private and public reprimand); In re Disciplinary Proceedings Against Brandt, 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194 (imposing public reprimand despite two private reprimands and a public reprimand); In re Disciplinary Proceedings Against Hudec, 2014 WI 46, 354 Wis. 2d 728, 848 N.W.2d 287 (imposing public reprimand despite three prior private reprimands and one public reprimand).

¶10 On balance, we have decided to accept the parties' stipulation and we impose the stipulated discipline, namely a public reprimand. We are persuaded that this is appropriate as the misconduct in this case does not appear to warrant license suspension.  Because this matter was resolved without referee

involvement, we do not impose costs upon Attorney Dade.[4]  It appears restitution is not sought; neither the complaint nor the stipulation addresses restitution.  Accordingly, no restitution is ordered.

¶11 IT IS ORDERED that John R. Dade is publicly reprimanded.

---

[4] Upon the OLR's filing of proof of service, Referee John B. Murphy was appointed.  Referee Murphy withdrew upon the filing of the parties' stipulation.