# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1933-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Sarah Clemment, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Sarah Clemment,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CLEMMENT

| | |
|---|---|
| OPINION FILED: | June 15, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2017AP1933-D

STATE OF WISCONSIN         :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Sarah Clemment, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complainant,**

  **v.**

**Sarah Clemment,**

    **Respondent.**

**FILED**

**JUN 15, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney   publicly reprimanded.*

¶1   PER CURIAM.   We review the report of Referee John Nicholas Schweitzer recommending that Attorney Sarah Clemment be declared in default, concluding that Attorney Clemment engaged in professional misconduct, and recommending that she be publicly reprimanded.   Attorney Clemment failed to present a defense despite being given the opportunity to do so, and she did not oppose the Office of Lawyer Regulation's (OLR) motion for default.   Accordingly, we declare her to be in default.   We

also conclude that a public reprimand is an appropriate sanction for her misconduct. We further agree with the referee that Attorney Clemment should be required to make restitution in the amount of $5,000, and the full costs of the proceeding, which are $802.19 as of April 12, 2018, should be assessed against her.

¶2 Attorney Clemment was admitted to practice law in Wisconsin in 2000 and practices in Madison. In 2011 she received a consensual public reprimand for failing to provide competent representation to a client, failing to act with reasonable diligence and promptness in representing a client, failing to keep the client reasonably informed about the status of the matter, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Public Reprimand of Sarah Clemment, No. 2011-6 (electronic copy available at https://compendium.wicourts.gov/app/raw/002365.html).

¶3 On October 3, 2017, the OLR filed a complaint against Attorney Clemment alleging six counts of misconduct arising out of her representation of D.H. In November 2015, D.H. had been charged with first-degree murder in Dane County. In January of 2016, D.H. hired Attorney Clemment to represent him. Attorney Clemment had never handled a homicide case and had never tried a case to a jury. D.H.'s sister, B.H., paid Attorney Clemment $5,000 to represent D.H. Attorney Clemment deposited the $5,000 into her business account and prepared a written flat fee agreement outlining the scope of the representation.

2

¶4 The circuit court held a preliminary hearing on January 28, 2016, found probable cause, and bound D.H. over for trial. There was DNA and GPS evidence implicating D.H.

¶5 Prior to arraignment, Attorney Clemment visited D.H. four times while he was incarcerated at the Dane County jail. D.H. was arraigned on March 8, 2016. Attorney Clemment moved for a speedy trial even though discovery was ongoing. Attorney Clemment subsequently filed requests for discovery, a motion to sequester the jury, and a number of motions in limine seeking to exclude certain evidence, including evidence of prior convictions, DNA evidence, and GPS evidence.

¶6 The circuit court held a hearing on Attorney Clemment's motions on May 3, 2016. Attorney Clemment failed to submit any case law or evidence to support her motion to sequester the jury and for that reason the circuit court denied the motion. Attorney Clemment withdrew her motion in limine to exclude evidence of prior convictions after an exchange with the circuit court showed she had misunderstood the appropriate legal standard for the motion.

¶7 As to the speedy trial motion, the circuit court noted that Attorney Clemment had not hired an investigator, had not retained any DNA, GPS, or pathology experts, had not filed a witness list that identified any witnesses other than those identified by the state, and had not received additional discovery forthcoming from the state. In addition, D.H. was then serving time for other crimes and thus would not be prejudiced by having a speedy trial request denied. The circuit

3

court continued D.H.'s case and strongly urged Attorney Clemment to associate more experienced trial counsel to assist her in the case.

¶8 By this point, Attorney Clemment had visited D.H. four more times, including two visits to the Dodge County Correctional Institution in Waupun. In September of 2016, D.H. was transferred to the Green Bay Correctional Institution. After April 5, 2016, Attorney Clemment made no additional personal visits to D.H. but rather communicated with him by telephone and letter. Attorney Clemment never associated any experienced counsel on the case.

¶9 On August 29, 2016, the circuit court held a hearing on Attorney Clemment's motion to suppress DNA evidence. The motion alleged that a search warrant to obtain D.H.'s DNA was not signed by a judge and was thus invalid. Testimony and evidence introduced during the hearing showed that a judge had signed the search warrant and it was legally valid. Moreover, even if D.H.'s motion had been granted, the state would have simply gotten another search warrant to obtain the DNA samples, which would defeat the purpose of the motion. Accordingly, the circuit court denied the motion.

¶10 During the August 29, 2016 motion hearing, the circuit court noted that Attorney Clemment had not filed a witness list but had simply reserved the right to call witnesses identified by the state. The circuit court reminded Attorney Clemment that she had no right to call the state's witnesses without specifically referencing each witness on her own list. The

4

circuit court scheduled a hearing on the pending state's motions, and it admonished both parties to be prepared to talk about the evidentiary issues. At that time Attorney Clemment had not filed any non-evidentiary motions.

¶11 Another motion hearing took place on September 28, 2016, less than two weeks before the scheduled trial date. At this hearing the state noted that Attorney Clemment had not reviewed any of the physical evidence in the case despite numerous offers by the state to schedule a review of the evidence. Attorney Clemment said she had been ill.

¶12 During the September 28, 2016 hearing, the circuit court considered the state's motion in limine regarding a variety of standard pre-trial evidentiary issues, such as exclusion of witnesses, exclusion of evidence not shown, character evidence, other acts evidence, impeachment by prior conviction, and alibi evidence. Attorney Clemment raised no objection to any of the state's individual requests.

¶13 At one point, after Attorney Clemment did not object to the exclusion of "golden rule" comments, the circuit court asked her if she knew what the "golden rule" was. Attorney Clemment did not know. The circuit court asked Attorney Clemment if she knew what exclusion of witnesses meant, and she could not adequately answer the question correctly. Attorney Clemment was also unable to answer questions from the circuit court about what "impeachment by prior conviction" meant, and she was unable to recite the specific statutory procedures for

addressing when a witness could be impeached based on a prior conviction.

¶14 The circuit court asked Attorney Clemment why she did not object to the exclusion of alibi evidence when it appeared that she had planned to introduce evidence at trial showing that D.H. was not at the scene of the crime. Attorney Clemment could not adequately answer the circuit court's questions about the meaning of "effect of arrest and conviction" or "known or unknown third party acts evidence." Attorney Clemment was also unable to explain the difference between testimonial and non-testimonial evidence in the context of the confrontation clause or recall the key United States Supreme Court case discussing these issues.

¶15 At this point the circuit court determined that Attorney Clemment was not competent to represent D.H., that she had not acted diligently in representing him, that she had not communicated appropriately with him, and that overall she was not providing effective legal representation to her client. The circuit court noted that Attorney Clemment had not provided all of the police reports to D.H., she had not reviewed all of the physical evidence in the case, she had not hired an investigator to interview any witnesses, she had not hired any experts, and she had not received all of the discovery in the case. The circuit court said, "I find you grossly incompetent and I am removing you from this case."

¶16 Following her removal from the case, D.H.'s sister contacted Attorney Clemment and requested a full refund of the

6

$5,000 fee so she could hire a new attorney for her brother. Attorney Clemment agreed to provide a full refund but said due to economic hardship she was unable to repay the money immediately.

¶17 Attorney Clemment did not provide D.H. post-termination notices as required by supreme court rules, nor did she refund the $5,000 fee or make arrangements to do so.

¶18 The OLR's complaint alleged the following counts of misconduct:

#### COUNT ONE

By failing to provide competent representation to D.H., and, in addition, by failing to associate more experienced counsel on the case, Attorney Clemment violated SCR 20:1.1.[1]

#### COUNT TWO

By failing to consult sufficiently with D.H. concerning the means by which the objectives of the representation were to be pursued, Attorney Clemment violated SCR 20:1.2(a)[2] and SCR 20:1.4(a)(2).[3]

---

[1] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 20:1.2(a) provides:

Subject to pars. (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by SCR 20:1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case or any proceeding that

(continued)

COUNT THREE

By failing to act diligently on D.H.'s behalf, Attorney Clemment violated SCR 20:1.3.[4]

COUNT FOUR

By failing to withdraw from the representation when continued representation of D.H. would result in a violation of the Rules of Professional Conduct, Attorney Clemment violated SCR 20:1.16(a)(1).[5]

COUNT FIVE

By failing to provide to D.H. post-termination notices and an agreed upon refund following termination of the representation, Attorney Clemment violated SCR 20:1.5(g)(2).[6]

---

could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[3] SCR 20:1.4(a)(2) provides:  "A lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished."

[4] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 20:1.16(a)(1) provides:  "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law."

[6] SCR 20:1.5(g)(2) provides:

Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

a.  A final accounting, or an accounting from the date of the lawyer's most recent statement to the end

(continued)

COUNT SIX

After agreeing to a full refund, by failing to refund the full $5,000 in advanced fees received from B.H. following the termination of her representation, Attorney Clemment violated SCR 20:1.16(d).[7]

¶19 Attorney Clemment did not file an answer to the OLR's complaint. The referee was appointed on January 24, 2018. At a continued scheduling conference held on March 9, 2018, the OLR made an oral motion for default. Attorney Clemment did not

---

of the representation, regarding the client's advanced fee payment.

    b. A refund of any unearned advanced fees and costs.

    c. Notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting.

    d. Notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

[7] SCR 20:1.16(d) provides:

    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

oppose the motion, and the referee granted it and recommended that Attorney Clemment be declared in default.

¶20 The referee issued his report and recommendation on March 23, 2018. The referee found that the OLR had met its burden of proof with respect to all of the counts of misconduct alleged in the OLR's complaint. The referee concluded that a public reprimand, which was the level of discipline sought by the OLR, was an appropriate sanction for Attorney Clemment's misconduct.

¶21 The referee said that the purpose of professional discipline in Wisconsin, as stated in the preamble to SCR 21, is to protect the public from misconduct by persons practicing law in Wisconsin. The referee noted that in In re Disciplinary Proceedings Against Kelsay, 155 Wis. 2d 480, 481, 455 N.W.2d 871 (1990), this court said that the purposes of professional discipline are: (1) to protect the public from further misconduct by the offending attorney; (2) to deter other attorneys from engaging in similar misconduct; and (3) to foster the attorney's rehabilitation. The referee also noted that Attorney Clemment has already been the subject of one public reprimand. The referee said while the previous public reprimand makes a second public reprimand "somewhat lenient," the referee expressed hope that Attorney Clemment will learn from this proceeding and be more committed in the future to her obligations, both to the Rules of Professional Conduct and to her clients.

¶22 The OLR requested that Attorney Clemment be ordered to pay restitution to B.H. in the amount of $5,000. The referee noted that Attorney Clemment did spend some time on D.H.'s case and she might have been able to justify retaining part of those funds if her agreement had been on an hourly basis. The referee noted, however, that B.H. paid Attorney Clemment $5,000 as a flat fee, and the definition of a flat fee states that it may not be billed against an hourly rate. For that reason, the referee deemed it appropriate, given that Attorney Clemment did not complete the service contracted for, that she be required to return the entire amount to B.H. Finally, the referee recommended that Attorney Clemment be assessed the full costs of this disciplinary proceeding.

¶23 Attorney Clemment has not filed an appeal from the referee's report. Although Attorney Clemment was given an opportunity to file an answer and present a defense to the OLR's complaint, she failed to do so. Accordingly, we declare her to be in default.

¶24 A referee's findings of fact are affirmed unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 43, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶25 There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We

11

also agree with the referee's conclusions of law that Attorney Clemment violated the supreme court rules set forth above.

¶26 With respect to the appropriate level of discipline, upon careful review of this matter, we agree with the referee's recommendation that Attorney Clemment be publicly reprimanded. As the referee noted, generally, discipline is progressive in nature. See, e.g., In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501. For that reason we share the referee's concern as to whether a second public reprimand is sufficient discipline for Attorney Clemment's most recent transgressions, particularly since both cases involved failing to provide competent representation. However, at times this court has imposed a public reprimand despite prior reprimands. See, e.g., In re Disciplinary Proceedings Against Dade, 2017 WI 51, 375 Wis. 2d 140, 895 N.W.2d 37. We note that Attorney Clemment's first consensual reprimand was imposed seven years ago, and she has no other disciplinary history. On balance, we conclude that a second public reprimand is an appropriate sanction.

¶27 We also agree with the referee that Attorney Clemment should be required to make restitution to B.H. in the amount of $5,000 and that she should be assessed the full costs of this proceeding.

¶28 IT IS ORDERED that Sarah Clemment is publicly reprimanded.

12

¶29  IT IS FURTHER ORDERED that within 60 days of the date of this order Sarah Clemment shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $802.19.

¶30  IT IS FURTHER ORDERED that within 60 days of the date of this order Sarah Clemment shall pay restitution to B.H. in the amount of $5,000.

¶31  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.